# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DOYLE OLLIS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | 8:05CV119 |
| vs. ) | |
| ) | **PROTECTIVE ORDER** |
| **HEARTHSTONE HOMES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the court on the parties' STIPULATED MOTION FOR PROTECTIVE ORDER (#26). The parties stipulate and agree that certain documents and information which will be produced may contain confidential information regarding other employees of the defendant who are non-parties to this litigation, and may contain confidential and proprietary business information concerning particular construction projects including trade secrets and practices which, if disclosed other than for purposes relating to this litigation, may result in a clearly defined and very serious injury to the parties or other non-parties to this litigation. Based upon the stipulation, the court finds that a protective order should be entered in this case.

**IT THEREFORE IS ORDERED** that the STIPULATED MOTION FOR PROTECTIVE ORDER (#26) is granted, and the following Protective Order is entered with respect to the treatment of confidential documents and things designated as "CONFIDENTIAL."

1. As used herein:

   a. "Document" shall mean any written, printed, typed, graphic or otherwise drawn or recorded matter of any kind, however produced or reproduced, including but not limited to: all writings, drawings, graphs, charts, photographs, phonorecords, computer input, computer printouts or other computer readable media in whatever form, notes, working papers, correspondence, memoranda, telegrams, telexes, telecopies, cables, reports, records, books, journals, pamphlets, circulars, calendars, diaries, agreements, consultant's reports, studies, guidelines, instructions, sound or visual recordings, and other data compilations from which information can be obtained;

   b. "Disclosed" shall mean divulged, revealed, described, summarized, paraphrased, quoted, transmitted or otherwise communicated information to any Person or Persons in any manner and for any purpose other than as allowed herein;

   c. "Attorney" shall include all partners, associates, paralegals, secretaries and other employees of the Attorney;

   d. "Party" shall mean any named plaintiff or defendant in this case;

   e. "Person" shall mean any individual disclosed as a witness in this case and each Party to this action.

2. Each Party may designate as "Confidential" some or all of any Documents or things produced for purposes of this litigation by advising Attorneys for the Parties, in

writing, of the confidentiality thereof. Before being furnished or produced by a Party to any other Party any Document or thing may, but need not, be prominently marked with the following legend: "Confidential." The failure to so mark a Document or thing shall not affect its confidential status or constitute a waiver of a Party's right to designate such Document as confidential. Only the first page of a particular grouping of Documents, or series of pages, needs to be marked with this legend.

     3.    Material or information designated "Confidential" and subject to this Protective Order shall not be used or disclosed by any Party for any purpose whatsoever other than for the preparation for trial of this action and any appeal therein. Material or information designated "Confidential" and subject to this Protective Order shall not be disclosed by a Party or Attorney for a Party except as provided herein.

     4.    No Party to this action, or Attorney for a Party to this action, shall Disclose the above Documents or things labeled or identified "Confidential" pursuant to this Protective Order, or the contents thereof, to any Person as identified herein, unless that Person has signed and dated a document which reads as follows:

> I have been advised and fully understand that the documents being shown to me which are marked "Confidential" in this matter are deemed "CONFIDENTIAL" pursuant to Court Order, and I agree to be bound by the requirements of that Order that I not disclose any information from these "Confidential" documents.
>
> Date:_____     _____
>                                                               Signature

Attorneys for each Party shall maintain a file of such written agreements until this action is fully completed.

5.   In the event a Document or thing designated as "Confidential" pursuant to this Protective Order is used by a Party or an Attorney for a Party at the deposition of any Consultant or witness designated in the above-captioned case, the reporter shall agree in writing or on the record of such deposition that no copies of the deposition or the deposition exhibit previously identified as "Confidential" shall be made for, delivered, or made available to any person except counsel of record for the parties in the above-captioned case, the court, and the deposition witness (if requested) and shall further agree to maintain a record of the name and address of each person to whom copies are delivered.

6.   If, during the trial or in connection with any motion or any other proceeding, any party intends to use or to offer into evidence documents, exhibits, or other materials that reveal, may reveal, or may tend to reveal, material or information claimed to be confidential and subject to the Protective Order by any other party, counsel for the party asserting confidentiality has the right to request such information to be kept under seal and that any question regarding such information be conducted before the court *in camera*.

7.   Within thirty (30) days following the conclusion of this litigation, including any appeal, writ, or petition for review, the receiving Party shall return to the other Party or destroy the originals and any copies of the Documents and any things which have been labeled or identified as "Confidential" pursuant to this Protective Order and which are in the

custody or control of the Party, their Attorneys, Consultants, and any witnesses to whom such Documents and things have been provided.

8. Material or information claimed to be confidential that is subject to a dispute as to whether it is in fact confidential material or information shall, until further order of the court, be treated as confidential in accordance with the provisions of this Protective Order.

9. Any Document or thing designated as "Confidential" may be used to examine or cross-examine any witness or Consultant at any hearing, deposition, or trial of this action subject to the terms of this Order.

10. Nothing herein shall be interpreted as a waiver by any Party of any evidentiary objections said Party may have to the introduction into evidence at trial of Documents produced pursuant to this Protective Order.

11. Any Party may challenge the confidential nature of any document marked "Confidential" by any other party by filing an appropriate motion with the Court presiding over this case. **If it is necessary to file the motion and/or supporting materials under seal, the parties shall comply with the requirements of NECivR 7.5.** Until such time as the court holds otherwise, all Documents marked "Confidential" shall be treated as confidential under the terms of this Order.

**DATED January 18, 2006.**

                                      **BY THE COURT:**

                                      s/ F.A. Gossett
                                      **United States Magistrate Judge**