IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DOYLE OLLIS, JR.,** | ) | **CASE NO. 8:05CV119** |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| **HEARTHSTONE HOMES, INC.,** a Nebraska corporation, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant HearthStone Homes, Inc.'s Motion to Alter or Amend Judgment and to Reconsider the portion of the Court's Order, dated February 8, 2006, which denied HearthStone's Motion for Summary Judgment on Plaintiff Doyle Ollis's religious discrimination claim. (Filing No. 35). The matter has been fully briefed, and the Court has considered the evidence submitted. For the reasons stated below, the motion will be denied.

### FACTS

The facts relevant to this matter appear in the Court's February 8, 2006, Order ("the Order") under the Facts section. (Filing No. 34 at 1-4). In the Order, the Court granted HearthStone's summary judgment motion with respect to Mr. Ollis's claim of religious discrimination based upon the amount of Mr. Ollis's severance pay; however, the Court denied HearthStone's motion in all other respects. (*Id.* at 13). HearthStone now moves the Court to alter or amend the judgment and to reconsider the Court's decision to deny HearthStone's summary judgment on Mr. Ollis's religious employment discrimination claim. (Filing No. 35).

## STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

## DISCUSSION

In its first argument, HearthStone claims that "Mr. Ollis failed to establish all three elements necessary to prove a prima facie case of religious discrimination" in the first step of the *McDonnell Douglas* three-part analysis. (Filing No. 36 at 2). *See Peterson v. Scott County*, 406 F.3d 515 (8th Cir. 2005) (applying the three-step, burden-shifting analysis set out in *McConnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), to claims of discrimination and retaliation). Under the burden-shifting standard set forth in *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination. Once the prima facie case is established, the burden shifts to the defendant to articulate a non-discriminatory reason for the adverse employment action. If the defendant articulates such a reason, the plaintiff must respond with sufficient evidence that the proffered reason was really a pretext for intentional discrimination. *Peterson*, 406 F.3d at 521.

To establish a prima facie case of religious discrimination, a plaintiff must plead and prove that "(1) he has a bona fide belief that compliance with an employment requirement is contrary to his religious faith; (2) he has informed his employer about the conflict; and (3) he was discharged because of his refusal to comply with the employment requirement." *Johnson v. Angelica Uniform Group, Inc.*, 762 F.2d 671, 673 (8th Cir.1985) (quoting *Brown v. General Motors Corp.*, 601 F.2d 956, 959 (8th Cir.1979)).

In the Order, the Court determined that Mr. Ollis met his minimal burden of establishing a prima facie case of religious employment discrimination. (Filing No. 34 at 8). The Court noted that Mr. Ollis was highly encouraged to participate in HearthStone's MBE program and was required to attend certain sessions. (*Id.*). The Court also noted that Mr. Ollis notified two supervisors that the MBE program conflicted with his religious beliefs. (*Id.*). Finally, the Court noted that Mr. Ollis claims he was told by his supervisor that Mr. Ollis was fired because he failed the "muscle testing," which Mr. Ollis claims is a central tenant of Mr. Smith's religious beliefs. (*Id.*).

HearthStone claims that Mr. Ollis failed to establish a prima facie case of religious employment discrimination because he failed to prove he was terminated for his refusal to comply with an employment requirement - the third part of the prima facie case. (Filing No. 36 at 2-4). However, the Court is satisfied that there is sufficient evidence to create a genuine issue of material fact regarding the third element of the prima facie case. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993) (stating the burden of establishing a prima facie case in employment discrimination cases is minimal). Mr. Ollis testified that he scheduled appointments with an MBE consultant because he was told he needed to give the appearance that he was participating in the MBE program; however, Mr. Ollis claims that he cancelled every other appointment. (Filing No. 23, Ex. 3 ("Ollis Depo.") 73:12-20, 73:25-74:9, 94:4-18). Mr. Ollis further claims that HearthStone tracked his attendance at MBE activities and specifically noted when Mr. Ollis cancelled appointments. (Ollis Depo. 73:12-20). Further, Mr. Ollis testified that his supervisor told him that he was fired because he failed muscle testing. (Ollis Depo. 38:12-22). Viewing the evidence in the light most favorable to Mr. Ollis, the Court again finds that Mr. Ollis has

4

presented sufficient evidence to establish a genuine issue of material fact regarding whether Mr. Ollis was fired for his refusal to fully comply with and participate in HearthStone's MBE program, or for the reasons stated by HearthStone.

In its second argument, HearthStone argues that "Mr. Ollis failed to meet the 'rigorous test' for proving similarly situated employees were treated differently in all relevant respects." (Filing No. 36 at 4). This argument addresses the third part of the *McDonnell Douglas* three-part analysis, which requires Mr. Ollis to respond with sufficient evidence that the proffered reason was really a pretext for intentional discrimination.

In support of his contention that HearthStone's stated reason for terminating him was pretextual, Mr. Ollis made several arguments. First, Mr. Ollis testified that his supervisor, Mr. Risley, expressed to Mr. Ollis that Mr. Ollis had been fired because he failed the muscle test, which Mr. Ollis stated is a central tenant of the MBE program and Mr. Smith's belief system. Additionally, Mr. Ollis testified that another male employee allegedly made inappropriate sexual comments to another female employee, and that male employee was not fired after the sexual harassment was reported. (Ollis Depo. 58:23-63:9). Mr. Ollis further stated that three other male employees of HearthStone were previously charged with similar allegations of sexual harassment, but were not terminated by HearthStone. (Ollis. Depo. 58:23-63:9). Finally, Mr. Ollis submitted the affidavit of Rachel Langford, a former employee of HearthStone. In her affidavit, Ms. Langford stated that she was a member of the group of HearthStone employees who interviewed Ms. Audas. (Filing No. 30, Ex. 3 ¶16). Ms. Langford stated the group decided not to hire Ms. Audas; however, Mr. Smith decided to hire Ms. Audas and place her under Mr. Ollis's supervision to teach Mr. Ollis something. (Filing No. 30, Ex. 3 ¶¶ 16,17).

In its brief, HearthStone misinterprets the portion of the Order relating to the third step in the *McDonnell Douglas* analysis.  HearthStone stated "the Court held that Mr. Ollis met the burden of proving that similarly situated employees were treated differently by showing that 'another male employee allegedly made inappropriate sexual comments to another female employee, and that male employee was not fired after the sexual harassment was reported.'" (Filing No. 36 at 5).  In the Order, the Court did not find that Mr. Ollis met his burden of proving that Mr. Ollis was treated differently from similarly situated employees; instead, the Court determined that Mr. Ollis presented sufficient evidence to create a material issue of fact regarding whether HearthStone's stated reason was really a pretext for intentional discrimination.  (Filing No. 34 at 9).

HearthStone correctly states that the burden of establishing that individuals or groups are "similarly situated" at the "pretext" stage is a rigorous burden.  *See Wheeler v. Aventis Pharmaceuticals*, 360 F.3d 853, 858 (8th Cir. 2004).  However, the Court notes that the actual issue before it is whether any of the evidence submitted by Mr. Ollis creates a genuine issue of material fact in support of his claim that HearthStone's stated reason for terminating Mr. Ollis is untrue and that HearthStone's decision to terminate Mr. Ollis was motivated by religious discrimination.  *See Wheeler*, 360 F.3d at 858.  Regardless of whether Mr. Ollis is similarly situated to other HearthStone employees who were not fired after they were reported for sexual harassment, the Court finds that Mr. Ollis presented sufficient additional evidence to create an issue of material fact regarding HearthStone's true reason for terminating him.  Specifically, the Court finds the comments Mr. Ollis's supervisor allegedly made regarding the true reason for Mr. Ollis's termination and the statements made by Ms. Langford in her affidavit create a genuine issue of material fact

6

on this issue. *See Griffith v. City of Des Moines,* 387 F.3d 733, 735 (8th Cir. 2004) (stating "[a]t the summary judgment stage, the issue is whether the plaintiff has sufficient evidence that unlawful discrimination was a motivating factor in the defendant's adverse employment action.").

Viewing the evidence in the light most favorable to Mr. Ollis, the Court affirms the Order, finding there are issues of material fact precluding summary judgment on Mr. Ollis's religious employment discrimination claim.

For the reasons stated in this memorandum,

IT IS ORDERED:

Defendant HearthStone Homes, Inc.'s Motion to Alter or Amend Judgment and to Reconsider (Filing No. 35) is denied.

DATED this 23rd day of March, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge